UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MF,<br><br>        Plaintiff,<br><br>  v.<br><br>ANDREW SAUL,<br><br>        Defendant. | No. C 20-08742 WHA<br><br>**ORDER GRANTING REQUEST TO PROCEED PSEUDONYMOUSLY** |

Plaintiff, appealing an adverse decision of the Social Security Administration, seeks leave to proceed under her initials, "MF," to preserve her privacy. Unusual circumstances, the particularities of the subject matter, and the lack of prejudice to the Administrator (who already knows plaintiff's identity) counsel in plaintiff's favor. Leave is **GRANTED**.

In general, the public has every right to inspect court records. *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978). Our court of appeals has established a strong presumption in favor of access. The reasons are plain. Public confidence in the administration of justice rests on accountability — knowing to whom courts afford relief, against whom judgments run, and why. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

But public scrutiny has its bounds. Courts may seal select records, such as those tending to spite, scandalize, or irreparably harm. *See id.* at 1097. And, relevant for our purposes, both the United States Supreme Court and our court of appeals have long recognized the need for

certain parties to proceed pseudonymously where identification might subject one to "harassment, injury, ridicule or personal embarrassment," such as an inmate cooperating as a witness, a mother bringing an Establishment Clause claim in a small town, or, famously, a woman seeking an abortion. *See United States v. Doe*, 655 F.2d 920, 922 fn. 1 (9th Cir. 1980); *e.g.*, *Doe v. Madison School Dist. No. 321*, 147 F.3d 832 (9th Cir. 1998); *Roe v. Wade*, 410 U.S. 113 (1973).

In *Does I thru XXIII v. Advanced Textile Corporation*, our court of appeals permitted textile-factory workers in Saipan, who feared deportation to and imprisonment upon arrival in China, to sue pseudonymously for wage and hour violations and articulated the standard for evaluating requests to obscure a party's name. "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Courts balance the severity of, the party's vulnerability to, and the reasonable proximity of the threatened harm against any prejudice to the opposing party and public interest in disclosure. 214 F.3d 1058, 1068–69 (9th Cir. 2000).

Our subject matter also carries unique considerations. Federal Rule of Civil Procedure 5.2(c) denies members of the public electronic access to Social Security court records, except for the docket sheet, orders, or opinions. Public inspection may occur in person at the Clerk's office instead. The Advisory Committee explained that the Rule affords such protection because of "the prevalence of sensitive information" in Social Security filings. Indeed, the Judicial Conference of the United States has urged courts to refer to Social Security appellants by first name and last initial in orders or opinions to safeguard the Rule's privacy concerns while preserving public access to such decisions. Hon. Wm. Terrell Hodges, *Memorandum*, *Privacy Concerns Regarding Social Security & Immigration Opinions*, Comm. on Court Admin. & Case Mgmt. (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-ap-c-suggestion_cacm_0.pdf. In other words, the baseline here would not be disclosure of MF's full name, but only of her first name and last initial. So our present question narrows to whether MF may abbreviate her first name as well.

1  This order finds that she may. *First*, there will be no prejudice to the Administrator. MF's complaint identifies her by the last four digits of her Social Security number and the date of the adverse decision.

*Second,* this order notes that MF has a distinctive name, at least for an English-language based court system, which undercuts the primary purpose of using first names and last initials in Social Security cases. To effectively obscure MF's identity, per the Judicial Conference's application of Rule 5.2(c), she should be permitted to proceed by her initials.

*Third*, MF articulates a reasonably proximate and significant harm should her identity be disclosed. At bottom, MF holds a compelling personal privacy interest in the confidentiality of her medical records. But two other risks manifest. It appears that a toxic, abusive, and high-stress work environment culminated in a diagnosis of post-traumatic stress disorder and major depressive disorder with anxious distress and melancholic features about a decade ago. MF has fallen into self-isolation and been unable to work. Her psychotherapist states that, aside from the stigma still attached to mental disability in our society, in her professional opinion, disclosure of MF's identity would aggravate her already vulnerable mental condition. MF also fears mistreatment or abandonment by her family, from whom she has struggled to hide her condition for the last decade (Dkt. Nos. 6-1, 6-4; 8).

While perhaps, for the sake of argument, the harms feared here, MF's mental distress or her family's abandonment at the disclosure of her identity, may not be reasonable reactions in and of themselves, that view sidesteps our inquiry. We focus not on the reasonability *of the harm itself* but, rather, whether a reasonable person would view the threat as credible, whatever it may be — just as our court of appeals found credible and real the unquestionably unreasonable threat of deportation from a territory of the United States to imprisonment in the People's Republic of China in retaliation for complaints against working conditions. *See Advanced Textile*, 214 F.3d at 1071–72. So too here. MF faces a reasonably credible threat of harm, without judgment as to the reasonableness of the harm itself.

*Fourth*, the threatened harm here outweighs the public interest in disclosure of MF's name first name. As the Judicial Conference recognized in recommending that Social Security

3

appellants be permitted to abbreviate their last names, the public interest in disclosure here lies in reviewing the conditions that entitle one to Social Security benefits and *not* in putting names to individual medical records. Indeed, as our court of appeals recognized, "[t]he public also has an interest in seeing this case decided on the merits." Between the use of a full name dissuading suit and a decision on the merits with abbreviations, the public interest favors resolution of this case on the merits. *See Advanced Textile*, 214 F.3d at 1073. It is also worth noting that under Rule 5(c), this case is not entirely sealed from the public. One with a good-faith interest in reviewing the records and holding this Court to account will still be able to access the records on file with the Clerk's office, public health permitting. The change here is simply that we will not be broadcasting MF's name and records to the public.

The motion is **GRANTED**. MF may proceed by her initials in all filings. The Administrator shall please do the same, though no records already in existence need be modified. The Clerk shall please update the case caption.

**IT IS SO ORDERED.**

Dated: February 18, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE