UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M. F.,

    Plaintiff,

v.

KILOLO KIJAKAZI,

    Defendant.

No. C 20-08742 WHA

**ORDER RE PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

## INTRODUCTION

In this social security appeal, plaintiff requests an award of attorney's fees and costs under the Equal Access to Justice Act. To the extent stated, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

Plaintiff M.F., proceeding pseudonymously, applied for disability benefits, which an administrative law judge denied. Plaintiff appealed that decision to federal district court, whereupon an order herein granted plaintiff's motion for summary judgment and remanded the matter to the Acting Commissioner for further proceedings (Dkt. No. 25). Specifically, the order found that the ALJ erred by failing to address plaintiff's stated severe sensitivity to the side effects of psychiatric drugs when discounting her symptom testimony due to her lack of prescription drug regimen. Plaintiff now applies for $28,780.09 in attorney's fees and $400 in

costs under the Equal Access to Justice Act (EAJA) and requests that the fees be paid directly to her attorney. The Acting Commissioner opposes only as to the reasonableness of plaintiff's requested award.

**ANALYSIS**

The EAJA provides that a party can receive attorney's fees if: (1) the party "prevails" in the civil action, and (2) the government's position in the action, including the underlying administrative proceedings, was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

*First*, given that a previous order herein granted plaintiff's summary judgment motion and remanded to the Acting Commissioner for further proceedings, plaintiff is the prevailing party for the purposes of the EAJA. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). *Second*, the Acting Commissioner asserts no special circumstances and does not dispute that the government's position fell short of substantially justified. *See Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). This order agrees with the parties that plaintiff is entitled to attorney's fees.

1.   **REASONABLENESS OF FEES AND EXPENSES.**

A plaintiff bears the burden of establishing the reasonableness of the requested fee award under the EAJA. A plaintiff must thereby document the appropriate hours spent in litigation by submitting evidence in support of those hours worked. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The appropriate number of billable hours consists of those hours "reasonably expended in pursuit of the ultimate result achieved, in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983) (quotation omitted). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. It follows that fee-shifting does not extend to effort expended on issues not actually adjudicated. *Id.* at 435; *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th. Cir. 2010).

When awarding attorney's fees, district courts have discretion to reduce the number of that will be compensated. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135–36

(9th Cir. 2012). The time entries submitted with the instant motion show a total 134.65 hours of work (Billing Entries, Bruce Decl. Exh. A). Three lawyers contributed to this matter: Attorney Steven Bruce (SB); Attorney Susan Widule (SW); and Attorney April Benerjee (AB). This order finds a forty-percent reduction to the number of hours expended by counsel in this action warranted and awards $17,466.72 in attorney's fees for the following reasons.

*First*, plaintiff's counsel billed for time spent researching and drafting several issues raised in the motion for summary judgment that the corresponding order never adjudicated. At least eight pages of the twenty-five-page opening brief were devoted to material not considered in the remand order. Many of the arguments the remand order ultimately did not consider were unfocused and unavailing. *See Reyna v. Comm'r of Soc. Sec.*, 548 Fed. App'x 404, 405 (9th Cir. 2013). Accordingly, at least thirty-two percent (8/25) of the work on the motion for summary judgment should not be compensated (Billing Entry Nos. 35–64). Given that counsel billed 104.95 hours towards the summary judgment motion, a reduction of at least 33.6 hours is appropriate.

*Second*, while counsel achieved a favorable result for plaintiff, that success remained modest. "If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley*, 461 U.S. at 436. Yes, the remand order found that the ALJ had erred by failing to address plaintiff's sensitivity to medication. However, that order did not award benefits but remanded for further proceedings. Moreover, the remand order explicitly stated that it "in no way suggests that the ALJ should change her mind on the ultimate issue of disability (or suggests she should not change her mind). Rather, this remand is ordered out of an abundance of caution to make sure the ALJ's explanation is adequate under circuit law" (Dkt. No. 25 at 9–10). This order finds full attorney's fees unwarranted here because plaintiff achieved a narrow remand.

*Third*, various time entries are inaccurate and inflated. For example, billing entry 21 on December 15, 2020, states "Revise/Draft Complaint." Counsel, however, had already filed the

3

complaint (and amended complaint) five days prior, on December 10, 2020 (Dkt. Nos. 1, 3). No further explanation is given. Billing entry 20, also dated December 15, states "Read Complaint." Billing the time spent reading your client's own complaint ranks as excessive. As another example, billing entry 57 registered 1.25 hours for "open and save document 21, 22," presumably referencing Dkt. Nos. 21 and 22 for this matter. This order finds it difficult to understand how 1 hour and 15 minutes could be dedicated to downloading two documents from ECF. This task should only take minutes to accomplish at most. These entries inevitably suggest that other entries may be similarly inaccurate or bloated, which warrants reductions in total billable hours.

*Fourth*, this order finds many billing entries duplicative. For example:

| No. | Date | Description | Hour(s) | Staff |
|---|---|---|---|---|
| 1 | 11/12/2020 | email to Deborah Stachel regarding extension, research protective order | 2.5 | SB |
| 2 | 11/12/2020 | email to Deborah Stachel regarding extension, research protective order | 1.75 | SW |
| 23 | 12/16/2020 | Approximately 5 emails to OGC on 30 day extension, Goulseth, Deborah Stachel (Regional Chief Counsel) | 0.2 | SB |
| 24 | 12/16/2020 | Approximately 5 emails to OGC on 30 day extension, Goulseth, Deborah Stachel (Regional Chief Counsel) | 0.4 | SW |

Two lawyers were not required to perform these tasks. More concerning, both sets of entries have the same exact wording, which suggests counsel did not record their entries contemporaneously but reconstructed them after the fact. Counsel does not state that the entries were created contemporaneously (Bruce Decl. ¶ 7). Non-contemporaneous billing is less reliable and susceptible to time inflation and justifies adjustments. *See Hensley*, 461 U.S. at 438 n.13.

*Fifth*, many time entries are so vague that they cannot reasonably be included in an award of attorney's fees. For example:

| No. | Date | Description | Hour(s) | Staff |
|---|---|---|---|---|
| 15 | 12/11/2020 | Prepare Summary (incorrect caption) | .1 | SW |

4

| 28 | 1/3/2021 | Plaintiff Declaration per Court Order (3rd) | .5 | SW |
| 30 | 1/5/2021 | Plaintiff Declaration by Plaintiff | .2 | SW |

These entries do not provide enough information regarding the task counsel was performing for this order to conclude that the time was reasonably expended in pursuit of the ultimate goal achieved. Once again, this type of entry warrants a reduction of the total number of billable hours.

In sum, in light of the foregoing, this order reduces counsel's total of 134.65 hours by forty percent, to 80.79 hours. Counsel performed this work from 2020 into 2021. Attorney's fees are capped under the EAJA, and our court of appeals has set that cap at $207.78 (2020) and $217.54 (2021) to account for cost-of-living adjustments. *See* Statutory Maximum Rates Under the Equal Access to Justice, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Apr. 29, 2022); 28 U.S.C. § 2412(d)(2)(A). This order takes into account the proportion of counsel's hours billed in 2020 and 2021. Consequently, this order **AWARDS $17,466.72** in attorney's fees.[1]

Plaintiff also requests costs in the amount of $400 for the court filing fee. This order finds such a request reasonable and accordingly **AWARDS $400.00** in costs.

2. **BAD FAITH?**

Because the United States remains liable for fees and expenses to the same extent that any other party would be liable under common law, a district court may assess attorney's fees against the government at market rate if it has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Rodriguez v. United States*, 542 F.3d 704, 709 (9th Cir. 2008); 28 U.S.C. § 2412(b). "The district court may award attorney fees at market rates for the entire course of litigation, including time spent preparing, defending, and appealing . . . if it finds that the fees incurred during the various phases of litigation are in some way traceable to the

---

[1] 18.5 (2020 pre-adjusted hours) x $207.78 (2020 EAJA hourly rate) = $3,843.93 (2020 pre-adjusted lodestar); $3,843.93 (2020 pre-adjusted lodestar) x .6 (attorney's fees reduction) = $2,306.36 (2020 adjusted lodestar). 116.15 (2021 pre-adjusted hours) x $217.54 (2021 EAJA hourly rate) = $25,267.21 (2021 pre-adjusted lodestar); $25,267.21 (2021 pre-adjusted lodestar) x .6 (attorney's fees reduction) = $15,160.36 (2021 adjusted lodestar). $2,306.36 (2020 adjusted lodestar) + $15,160.36 (2021 adjusted lodestar) = $17,466.72 (total attorney's fees).

[government's] bad faith." *Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990). "A finding of bad faith is warranted where [a party] knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Ibrahim v. Dep't of Homeland Sec.*, 912 F.3d 1147, 1180 (9th Cir. 2019) (quotation omitted). The district court considers the totality of the government's conduct. *Id.* at 1181.

Plaintiff provides only unsupported and conclusory assertions of bad faith. She accuses the Acting Commissioner of unnecessary delays in resolving this case, but provides no specifics demonstrating bad faith or wanton behavior. Delay alone is insufficient, especially given the impact of the COVID-19 pandemic during this timeframe. Plaintiff continues: "one of the most glaring 'bad faith' facts is that the DDS [state agency Disability Determination Services] doctors were told they had to find her 'not disabled'" (Reply Br. 6, citing Dkt. No. 19 at 8, 12). On this point, turning to plaintiff's summary judgment motion, the ALJ's decision to discount the opinion of a consulting expert retained by the Acting Commissioner does not, without more, amount to bad faith. Nor does it indicate that consulting experts were "told" to do anything. Further, evidence of bad faith cannot be found due to purported inaccuracies in the evidence of record listed in plaintiff's initial disability determination explanation (AR 54–65). Plaintiff has presented, at most, the possibility of some human error in the building of one agency record. Without more, plaintiff fails to demonstrate bad faith.

3. **DIRECT PAYMENT TO ATTORNEY.**

Plaintiff's counsel has submitted a fee agreement that indicates plaintiff had assigned any attorney's fee award under the EAJA to counsel (Bruce Decl. Exh. B, Dkt. No. 27-3). There is no information on whether plaintiff owes a pre-existing debt to the government. Accordingly, the fee awarded herein will be paid to plaintiff's attorney upon verification that plaintiff has no debt which qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). If plaintiff has no such debt, then the check shall be made out to plaintiff's attorney. The Acting Commissioner shall notify plaintiff and her attorney by **MAY 30** if it contends that plaintiff has debt which qualifies for an offset against the awarded fees, as well as the basis for that contention.

**CONCLUSION**

To the extent stated, plaintiff's motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**. This order **AWARDS** plaintiff **$17,466.72** in attorney's fees and **$400.00** in costs.

**IT IS SO ORDERED.**

Dated: May 1, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE