UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. F.,<br><br>    Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | No. C 20-08742 WHA<br><br>**ORDER RE MOTION TO ALTER JUDGMENT** |

In this social security appeal, plaintiff moves to alter judgment of an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA). This motion is suitable for resolution on the papers. Civ. L.R. 7-6. The hearing is accordingly **VACATED**, and for the reasons that follow, the motion is **DENIED**.

An administrative law judge denied plaintiff's application for disability benefits, whereafter plaintiff appealed the decision to federal district court. A November 2021 order herein found the ALJ had improperly discounted plaintiff's symptom testimony and consequently granted plaintiff's motion for summary judgment and remanded the matter to the Acting Commissioner (Dkt. No. 25). Plaintiff then filed a motion for $28,780.09 in attorney's fees under the EAJA. An order granted plaintiff's motion but reduced the award to $17,466.72

based on several factors (Dkt. No. 35). Plaintiff now challenges that determination and moves to alter the judgment pursuant to Rule 59(e).

Under Rule 59(e) it is appropriate to alter or amend a judgment: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). This is "an extraordinary remedy which should be used sparingly." *Ibid*. Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

*First*, plaintiff conflates the prior order's reasonableness evaluation with an evaluation of whether the government's position was "substantially justified." Plaintiff asserts: "This case was based on legal error and the other six alternative legal theories were mot [sic] adjudicated by this Court. Nevertheless, all six other legal arguments are merit arguments and cannot legally not be compensated" (Br. 2). The prior order, however, did not find that only one of the government's positions was not substantially justified and award fees only on that basis. Rather, it noted that the government did not contest whether its position was substantially justified. It then reduced the attorney's fees award based on an analysis of the reasonableness of the fees requested (Dkt. No. 35 at 2).

To that end, our court of appeals has held, "Nothing in these provisions [of the EAJA] extends fee-shifting to issues not adjudicated." *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010). Accordingly, one of the five independent reasons the prior order proffered for lowering the requested fee award centered on how several issues raised in plaintiff's summary judgment motion were not adjudicated (Dkt. No. 35 at 3). Plaintiff has accordingly failed to show any errors of law or any other justification under Rule 59(e) to alter judgment on this issue.

*Second*, plaintiff takes issue with the prior order's finding that counsel's time entries were inaccurate and inflated (Dkt. No. 35 at 3–4). To justify these time entries, *e.g.*, reading the complaint a few days after filing it, plaintiff's counsel explains that he had hired a new attorney who had lied about her experience and that: "I had to take her off the case and re-read the Complaint as the timesheet says after she filed it about a week before both the Order to proceed pseudonymously and summons was issued" (Br. 4). In other words, counsel appears to justify certain hours the prior order found excessive because he had to double-check incompetent co-counsel's work. *Yet counsel still requested attorney's fees based on that attorney's time entries*. Plaintiff's argument thus supports the prior order's reduction in attorney's fees. Billing for incompetent counsel clearly ranks as unreasonable.

In fact, plaintiff doubles down on this argument, asserting that all the duplicative billing cited by the prior order as a reason to reduce the attorney's fees award were entered by the same untrustworthy attorney (Br. 5). Again, this argument backfires on plaintiff. It simply provides further justification for the reduction of attorney's fees made by the prior order.

*Third*, plaintiff argues the prior order incorrectly concluded that the government did not act in bad faith (Br. 5–6). Plaintiff does not provide any additional evidence or legal authority to support a finding of bad faith. Instead, plaintiff again focuses on issues with her initial disability determination explanation (AR 54–65). As explained in the prior order, nothing in that document demonstrates the government's bad faith (Dkt. No. 35 at 6). Plaintiff's instant motion essentially reargues her merits case, asserting, for example, that the initial determination should not have rejected various medical opinions. This does not evince bad faith. Nor does it meet any of the requirements for Rule 59(e). Plaintiff further argues that the DDS "falsely state[d]" that plaintiff had no consultative examiners (AR 57), but that purported error does not rise to the level of vexatious, wanton, or oppressive conduct. *See Brown v. Sullivan*, 916 F.2d 492, 495 (9th Cir. 1990). And plaintiff has failed to demonstrate that the statement "this is a denial case" in the findings of fact and analysis of evidence should be deemed vexatious or otherwise qualifies as bad faith.

3

*Fourth*, in her reply brief, plaintiff dramatically expands the scope of her argument, asserting that the Social Security Administration has engaged in a "40-year fraud on our country's population with psychiatric and/or developmental disabilities," specifically "by unlawfully applying the Grids to Major Depression and VE hypotheticals not being based on all functional limitations in the record" (Reply Br. 2, 3). Plaintiff also cites (for the first time) Rule 60(b)(3) as a basis for relief. All of this is far, far afield of the scope of plaintiff's original motion and has not been properly raised. This order will not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

In sum, none of plaintiff's arguments justify altering the judgment in this matter. The motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 7, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE