UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. F.,<br>   Plaintiff,<br> v.<br>KILOLO KIJAKAZI,<br>   Defendant. | No. 20-cv-08742-WHA<br><br>**ORDER REGARDING MOTION FOR FURTHER FEES PURSUANT TO 42 U.S.C. § 406(B) AND RELATED MOTIONS** |

**INTRODUCTION**

Attorney represented claimant in this social security appeal and was awarded EAJA fees after a reversal and remand and now seeks yet more in fees from claimant herself. The motion is **DENIED** because the fee agreement did not make clear that the attorney could seek supplemental fees from her.

**STATEMENT**

Claimant M.F. filed an application for disability benefits under the Social Security Act in August 2015 while represented by Attorney Frederick Crow. After she was denied, she filed for reconsideration. The ALJ found that she was not disabled in February 2020. The Appeals Council denied her request for administrative review. In April 2020, Attorney Crow withdrew as claimant's representative and waived attorney's fees (Dkt. No. 44-6). In November 2020, Attorney Steven Bruce, practicing under the name People with Disabilities

Foundation (PWDF), agreed to represent M.F. for judicial review.  M.F. signed a retainer agreement ("2020 Agreement") which read as follows:

> I, [MF] hereby employ Steven Bruce to represent me in federal court as a plaintiff in a Social Security/SSI disability case.
>
> I agree to pay my attorney reasonable expenses that are incurred in representing me.  Such expenses may include federal court filings fees, computerized legal research services, long distance telephone calls, medical reports, photocopying, postage, travel, and other attorney's fees on an hourly basis.  I will get an itemized bill for these expenses.  I understand that I will not have to pay these expenses unless we win the case.  **People With Disabilities Foundation (PWDF) can never guarantee results**.
>
> I understand that PWDF is accepting this case for public interest reasons. I agree to cooperate in any way that I can so my attorney's full fee is authorized**. I hereby assign any court-awarded Equal Access to Justice Act (EAJA) attorney's fees to my attorneys**.
>
> This agreement is in addition to any other fee agreement I have signed with my attorney for representation before the Social Security Administration.  This agreement supersedes any and all previous agreement(s) with PWDF for representation **on Social Security /SSI disability case**.

(Dkt. Nos. 27-3 at 2; 53-1) (emphasis in original).

In 2021, claimant and defendant filed cross motions for summary judgment in which claimant's motion was granted and judgment and remand were entered in her favor (Dkt. Nos. 25, 26).  An order then awarded Attorney Bruce $17,466.72 in EAJA fees and $400 in costs, which was paid to Attorney Bruce by the Social Security Administration (Dkt. No. 35 at 7).

Subsequently, in contemplation of further proceedings before the agency, M.F. and Attorney Bruce signed a further agreement ("2022 Agreement") for representation through Appeals Council appeal and for attorney's fees pursuant to 42 U.S.C. § 406(a)(2)(A).  The 2022 Agreement stated in relevant part:

> I employ People With Disabilities Foundation (PWDF) to represent me before the Social Security Administration (SSA) in my Disability Insurance Benefits (DIB) and/or Supplemental Security Income (SSI) case.  If I win at any administrative level through the administrative law judge (ALJ) decision after the date

2

>of this agreement, I agree that the attorney's fee will be <u>the lesser of</u> SSA's current cap of $6,000 or twenty-five percent (25%) of all past due benefits awarded to <u>me and my family</u> pursuant to 42 U.S.C. § 406(a)(2)(A). The attorney's fee is for legal services rendered within the scope of representation herein.
>
>I understand that SSA normally withholds the attorney's fee and pays PWDF directly; however if I or my family receive any past due SSDI/SSI benefits, I agree to bring to PWDF <u>the lesser of</u> $6,000 or twenty-five percent (25%) of all past due benefits awarded <u>me and my family</u>. Upon receipt of any payment(s) for attorney's fees brought by me, PWDF will deposit it into a trust account until the fee is approved by SSA.

(Dkt. No. 49-1) (emphasis in original). At the bottom of the agreement, after the signature point, the agreement further stated: "PWDF reserves the right to petition for fees in excess of $6,000 but less than twenty-five percent (25%) of all past due benefits. PWDF reserves the right to keep any attorney's fees received from any third party, in compliance with applicable law" (*ibid.*). Significantly, this agreement failed to say that the further fees would be sought from the claimant (as opposed to the government as EAJA fees).

Claimant prevailed on appeal and the Council granted $183,414 in past-due benefits. At his request, claimant paid Attorney Bruce in the amount of $12,987 for fees in November 2023.

In January 2024, Attorney Bruce filed the instant motion for attorney's fees in the district court pursuant to 42 U.S.C. § 406(b) stating that the Social Security Administration had not sent the notice of award from September 2022 until the end of 2023, so he had not made been aware of claimant's award of the past-due benefits until January 2024 (Dkt. No. 44-1 ¶ 3). The motion failed to attach any of the fee agreements. Counsel also failed to serve it on the claimant, M.F. From outward appearances, it seemed superficially to be a request for yet more EAJA fees to be paid by the government. Upon closer review, however, it became clear to the judge that the attorney was seeking money from the client. The judge then asked for copies of all fee agreements and requested the attorney to serve his client and give her an opportunity to be heard.

3

Attorney Bruce filed a motion to withdraw (Dkt. No. 63) and a motion to strike a declaration filed by claimant (Dkt. No. 66).

## ANALYSIS

### 1. MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(B)

Social security benefit cases have a unique statutory scheme in which an attorney successfully representing his or her client may file for three types of attorney's fees: Section 406(a) fees, Equal Access to Justice Act (EAJA) fees, and Section 406(b) fees. Here, Attorney Bruce was already awarded EAJA fees and is now seeking the third type of attorney's fees.

*First*, Section 406(a) governs attorney's fees for representation in administrative proceedings (here, representation before the Commissioner of Social Security Administration). There are two ways to govern fees under Section 406(a) depending on whether a prior fee agreement exists. If the claimant has a fee agreement, Section 406(a)(2) caps fees at the lesser of 25% of past-due benefits or $4,000. If there is no fee agreement, Section 406(a)(1) gives the agency authority to prescribe the maximum fees which may be charged for services performed in the connection with any claim" before the agency. If the claimant obtains a favorable agency determination, the agency may provide "a reasonable fee to compensate such attorney for services performed by him." *Culbertson v. Berryhill*, 586 U.S. 53, 56 (2019).

*Second*, an attorney may file for EAJA fees after prevailing in a civil action including judicial review of agency action, brought by or against the government in any court having jurisdiction in that action, unless the court finds that the position of the government was substantially justified. 28 U.S.C.§ 2412(d)(1)(A). These fees are to be paid by the government calculated by the time expended and the

4

attorney's hourly rate. *Gisbrecht v. Banhart*, 535 U.S. 789, 796 (2002). The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy. 28 USC § 2412(d)(1)(C).

*Third*, Section 406(b) governs attorney's fees for successful representation in judicial proceedings, unlike Section 406(a) fees for successful representation in administrative proceedings. The court may determine and allow as part of its judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment." Section 406(b)(1)(A). Unlike EAJA fees, which are paid by the government, Section 406(b) fees are paid by the claimant out of the past-due benefits awarded. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). This statute "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, Section 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Further, the Supreme Court has rejected the lodestar method in calculating fees under Section 406(b). *Id.*, at 808-809.

A district court may award fees under both the EAJA and Section 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796; *Crawford*, 586 F.3d at 1145 n.3. Therefore, if an attorney has already been awarded EAJA fees, the district court must reduce the fee award by the amount of attorney's fees already paid by the government under EAJA. Lastly, a district court retains jurisdiction to award fees pursuant to Section

5

406(b) even after it has entered judgment for a claimant and remanded the case back to the agency for further proceedings. *Culbertson*, 586 U.S. at 58.

The main issue in deciding this motion concerns the fee agreements. This order presumes that a motion for fees under Section 406(b) can be made in the district court both before and after a successful remand to the agency. Nonetheless, the specific facts involved here merit denial of the fees sought by counsel.

In his motion, Attorney Bruce states that he and claimant entered into a retainer agreement in November 2020 to represent her in federal court (Dkt. No. 44 at 5). However, as pointed out by defendant, no such contingent fee agreement pursuant to Section 406(b) was attached with the motion. Attorney Bruce was then asked to produce the contingency fee agreement pursuant to Section 406(b) (Dkt. No. 48). Attorney Bruce filed a copy of the 2022 Agreement for representation through Appeals Council appeal pursuant to Section 406(a)(2)(A) (Dkt. No. 49). Because the 2022 Agreement did not refer to representation in federal court, the judge asked Attorney Bruce to produce the fee agreement referenced (indeed, relied upon) in his motion (Dkt. No. 52). In response, he filed a copy of the 2020 Agreement (Dkt. No. 53-1).

With respect to the 2022 Agreement, Attorney Bruce was ordered to address several points: how much in fees he had already received under the 2022 Agreement; why he should not be bound by his 2022 Agreement with claimant and limit his fee to $6,000 when the agreement failed to point out that any further award would have to be paid by claimant (Dkt. No. 55). To this, Attorney Bruce responded that he had received $12,987 under the 2020 Agreement which he said was for "administrative work" supposedly "irrelevant to 42 U.S.C. §406(b)" (Dkt.

6

No. 56 at 2). Attorney Bruce conceded that the 2022 Agreement cannot provide for fees under Section 406(b).

The 2020 Agreement stated that Attorney Bruce and his foundation were taking the case for "public interest" reasons. It explicitly "assign[ed] any court-awarded Equal Access to Justice Act (EAJA) attorney's fees to my attorneys," and provided that claimant was responsible for reasonable expenses incurred in representing her which includes "other attorney's fees on an hourly basis" (Dkt. No. 53-1). Significantly, however, this agreement did not say that further fees, pursuant to Section 406(b) or otherwise, would be paid to Attorney Bruce by her. Yes, the 2020 Agreement further stated that "This agreement is in addition to any other fee agreement I have signed with my attorney for representation before the Social Security Administration." But there was no such "other agreement" when the 2020 Agreement was made, for the 2020 Agreement was her first agreement with Attorney Bruce. This order finds that the 2020 Agreement does not support the relief sought against the client herein.

This is sufficient and dispositive but more should be said. After the EAJA fee award and the case returned to the agency, Attorney Bruce and M.F. entered into the 2022 Agreement. This agreement reasonably could have been understood by any client to mean that, going forward, her maximum personal exposure for fees was $6,000. The post-note after the signatures could easily have been understood, in light of the prior EAJA agreement to refer to the fees sought from the government, not to be sought from her personally. Nowhere did the post-note say that the additional fees would be sought from her personally. Furthermore, on the record, it is clear and this order so finds that claimant did most of the work on

remand, not the attorney, and the $12,987 he had been paid by her in reasonable compensation for the work that he did on remand.

Although Attorney Bruce has achieved a favorable result for claimant, there have been concerns raised by claimant and observed by the Court throughout the resolution of these motions which ought to give pause. Four instances are of note. *First*, claimant describes an "evasiveness" in Attorney Bruce's representation as he "had delayed contacting the Regional Commissioner for six months" when claimant had not received her notice of award (Dkt. 57 at 4-5). When claimant expressed her frustration to Attorney Bruce via email, he told her to reach out to the Commissioner on her own and at one point stated, "I will stop all work [and withdraw]" (Dkt. 57 at 12). *Second*, this order is concerned by specific exhibits attached to Attorney Bruce's filings in which one exhibit appears to be a notice from the SSA and the other appears (or rather, attempts) to replicate the same notice but is riddled with typographical errors, a visibly different font, and formatting discrepancies (Dkt Nos. 56-1, 56-2). *Third*, this order is frustrated by the lack of forthrightness on Attorney Bruce's part in aiding this Court to understand and resolve this matter. More specifically, Attorney Bruce's failure to provide a copy of the agreement he was relying upon in his motion required the Court to undertake a wild goose chase to identify the relevant documents to resolve this matter. *Fourth*, the judge was surprised when Attorney Bruce initially filed this motion that he was seeking money from her without even providing notice to claimant. In effect, he tried to extract a significant amount of money from her without giving her any notice at all. It was only after Attorney Bruce was ordered to provide claimant notice that claimant was apprised of these matters.

8

Based on this record and the statements of M.F., Attorney Bruce's motion for attorney's fees is **DENIED**. This order finds that Attorney Bruce has already been sufficiently compensated for his representation through the EAJA fees already granted.

### 2. MOTION TO WITHDRAW AS COUNSEL, MOTION TO STRIKE, AND MOTION FOR LEAVE TO FILE SUR REPLY

As a final matter, this order now turns to three additional motions. *First*, due to the obvious conflict of interest in Attorney Bruce seeking additional fees, his motion to withdraw as counsel is **GRANTED**. *Second*, Attorney Bruce moves to strike an amended complaint declaration written by M.F. However, because he is seeking fees from M.F., this order finds that she should have her day in court and be heard. As such, the motion to strike is **DENIED**. Third, Attorney Bruce's motion for leave to file sur reply is **DENIED** on the basis that he fails to attach the sur reply in question to his motion.

## CONCLUSION

To the extent stated herein, Attorney Bruce's motion to withdraw as attorney is **GRANTED**, the motion to strike is **DENIED**, and the motion for attorney's fees pursuant to Section 406(b) is **DENIED**. Attorney Bruce is hereby ordered to provide a copy of this order to each member of PWDF's Board of Directors.

**IT IS SO ORDERED.**

Dated: April 11, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE