UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M. F.,

        Plaintiff,

  v.

KILOLO KIJAKAZI,

        Defendant.

No. 20-cv-08742-WHA

**ORDER DENYING MOTION TO ALTER JUDGMENT**

## INTRODUCTION

In this social security action, a prior order denied an award of attorney's fees to be taken out of an award to the claimant under 42 U.S.C. § 406(b). The attorney now moves to vacate that order under Rule 59(e). The claimant, now proceeding *pro se*, opposes the motion. For the reasons stated herein, the attorney's motion is **DENIED**.

## STATEMENT

A previous order provides a detailed recapitulation of this action's factual history (Dkt. No. 72). In short, movant Attorney Steven Bruce (practicing under the name People with Disabilities Foundation) entered into two fee agreements with his now former client, M.F..

*First*, M.F. signed a retainer agreement in 2020 in which she agreed to assign any court-awarded fees under the Equal Access to Justice Act (EAJA) to Attorney Bruce. *Second*, M.F. signed an agreement in 2022 in which M.F. agreed to Attorney Bruce representing her through the Appeals Council and for attorney's fees pursuant to 42 U.S.C. § 406(a)(2)(A). However,

the second agreement failed to advise that any such fees would be paid by the claimant herself (from any award).

In the district court, the claimant originally won a remand, and her attorney was awarded EAJA fees. On remand, claimant won before the agency. At Attorney Bruce's request, claimant paid him $12,987 in November 2023 out of her own pocket.

In January 2024, Attorney Bruce moved for even more attorney's fees in the district court pursuant to 42 U.S.C. § 406(b). After requesting and reviewing copies of both aforementioned fee agreements, a previous order found that neither agreement had put M.F. on notice that she would need to pay Attorney Bruce attorney's fees pursuant to Section 406(b) out of her own past-due benefits (Dkt. No. 72). Therefore, the motion was denied. On remand, M.F., it should be said, vigorously opposed the motion on the further ground that she had done most of the work.

Since then, Attorney Bruce moved to withdraw from representing M.F. which was granted. M.F. now proceeds *pro se*. Attorney Bruce has filed the instant motion under Rule 59(e) to vacate the Court's last order denying him Section 406(b) fees. This order follows full briefing and finds movant's motion suitable for disposition on the papers under Civil Local Rule 7-1(b).

**ANALYSIS**

Under Rule 59(e) it is appropriate to alter or amend a judgment: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). This is "an extraordinary remedy which should be used sparingly." *Ibid*. Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

Attorney Bruce filed the instant motion to vacate this Court's last order which denied him fees under Section 406(b). Attorney Bruce makes three arguments, and though this order finds none of them persuasive, this order shall briefly address each of them.

*First*, Attorney Bruce argues that "there is no reason to attach a fee agreement or fee petition" when moving for fees under Section 406(b) (Br. at 3). This order disagrees. The Supreme Court has clarified that when district courts review requests for a contingent fee under Section 406(b), they must begin "by first looking to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (citing *Gisbrecht v. Barnhart*, 35 U.S. 789, 808 (2002)). Contrary to Attorney Bruce's contention, he was indeed required to produce a valid contingency-fee agreement which demonstrated that he and M.F. agreed to attorney's fees pursuant to Section 406(b) in the form of 25% of her past due benefits. Yet, he has failed to do so. This was and is the central problem with movant's request for Section 406(b) fees; he still has not shown a valid contingency-fee agreement wherein he and M.F. knowingly agreed to attorney's fees in the amount of 25% of past due benefits pursuant to Section 406(b). As noted by M.F. in her opposition, Section 406(b) does not "obviate[] the need for a fee agreement nor [does it] provide[] for any automatic payment of fees" (Opp. at 3).

*Second*, Attorney Bruce includes several pages of emails between Attorney Bruce and M.F., ostensibly to demonstrate that he did in fact provide notice of his motion for Section 406(b) fees. None of these emails, however, demonstrates that he informed M.F. about his forthcoming motion for fees *which would have been taken out of her past-due benefits*. On the contrary, the emails provided by both Attorney Bruce and M.F. indicate that the earliest correspondences regarding his request for Section 406(b) fees was the end of February 2024, nearly a month after filing his motion.

*Third*, Attorney Bruce attributes fault (or at least, some confusion) to three delayed notices of awards sent by the Social Security Administration informing both him and M.F. of her past-due benefits (Br. at 5). More specifically, he argues that he "was not responsible for those SSA errors" (*ibid*.). This argument misses the mark. Although the agency sent three

3

notices of claimant's past-due benefits instead of one, the notices did nothing about the central problem of Attorney Bruce's motion: he never had a proper agreement by which the client knew she would be asked to give up part of her award to counsel (in addition to his EAJA fees and the $12,987). Therefore, this order finds that Attorney Bruce's arguments fail under Rule 59(e).

On a final note, Attorney Bruce requested to reargue his motion. That request is **DENIED**. The Court gave Attorney Bruce several opportunities to provide clarification prior to and during the motion's hearing on April 30, 2024.

## CONCLUSION

Attorney Bruce's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 24, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE